**Pawan KUMAR, Petitioner,**

**v.**

**Alberto GONZALES,* Attorney General, Respondent.**

No. 04–70051.
Agency No. A79–581–444.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 10, 2005.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of

the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Inna Lipkin, Kuldip S. Dhariwal, Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM***

Pawan Kumar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C.

*** This disposition is not appropriate for publication and may not be cited to or by the

§ 1252. We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility finding. The IJ offered specific, cogent reasons for his findings based on inconsistencies between petitioner's testimony and asylum interview going to the heart of his claim. *See id.* at 1043. Moreover, substantial evidence supports the credibility finding based on petitioner's failure to verify his identity. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (upholding adverse credibility finding where inconsistencies went to key elements of the asylum claim, including identity).

Because Kumar failed to establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See id.*

In addition, substantial evidence also supports the denial of relief under CAT. *See id.* at 1157.

**PETITION DENIED.**